CRAIG H.  MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

EMILY R.  DAHLKE (CABN 322196)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Emily.Dahlke@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID CLAYTON CONERLY,<br><br>    Defendant. | Case No.  4:25-CR-00220-JSW; 4:17-CR-00578-JSW<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Hearing Date:  February 10, 2026<br>Hearing Time: 1:00 p.m.<br><br>Hon.  Jeffrey S.  White |

## I.    INTRODUCTION

David Clayton Conerly ("Conerly" or "Defendant") is a recidivist offender who persisted in possessing a firearm, even while on supervised release for the same offense.  His conduct in this case was serious, reckless, and similar to the conduct for which he previously received a 108-month sentence. The government joins the Probation Office's recommendation that the Court sentence Conerly to the high-end of the guidelines range for the charged case (46 months), followed by the maximum term of custodial time on the Form 12 (24 months), to run consecutive, for a total custodial sentence of 70-months, followed by 3-years of supervised release.  The United States submits that a total custodial sentence of 70-months is sufficient, but not greater than necessary to accomplish the sentencing goals of section 2552(a).

## II.    PROCEDURAL HISTORY

This Court originally sentenced Mr. Conerly on November 20, 2018, to a term of 108-months in custody, to be followed by three-years of supervised release, following his guilty plea to one count of 18 U.S.C. § 922(g)(1) (*See* 4:17-cr-00578-JSW). Conerly's term of supervised release began on July 18, 2024. On February 5, 2025, this Court issued a warrant for Conerly's arrest, based on three allegations that he violated the terms of his supervised release, all related to his state arrest on February 5, 2025. On June 23, 2025, Conerly was charged by criminal complaint with one count of violating 18 U.S.C. § 922(g)(1). This charge stemmed from his state arrest on February 5, 2025. On July 31, 2025, Conerly was indicted for the same conduct. On October 14, 2025, Conerly pled guilty to the sole count in the indictment, pursuant to a Rule 11(c)(1)(C) plea agreement. He also admitted Charges One, Two and Three in the Form 12 (#4:17-cr-00578-JSW). Sentencing for both the indicted case and the Form 12 is set for February 10, 2025.

## III.    FACTUAL OVERVIEW

On the morning of February 5, 2025, Conerly, who was drunk, crashed his car into a parked vehicle on a residential street in Berkeley. PSR ¶ 7. The crash was so significant that it impacted the two cars behind the car that Conerly hit. PSR ¶ 8. Conerly's airbags deployed. *Id*. Conerly attempted to leave the scene, but was quickly spotted by on-lookers and first responders. PSR ¶ 7. When Berkeley Police Department ("BPD") attempted to detain him, he fought with the officers, eventually striking an officer in the face. *Id*. He was forced to the ground and eventually detained. *Id*. After he was detained, he provided officers with a false name. *Id.*

BPD searched Conerly's backpack and his vehicle. Inside his car under the passenger seat, they recovered a loaded Springfield model XD 40, .40 caliber firearm (serial number XD396648) with a 10-round magazine and one round chambered. PSR ¶ 9. They also recovered a half-empty bottle of gin, cocaine, marijuana, a digital scale, and $212 cash. *Id*. The firearm was reported stolen out of Stockton. PSR ¶¶ 10, 11. DNA testing showed very strong support that Conerly's DNA was on the firearm. PSR ¶ 10.

At the time this conduct occurred, Conerly had been on supervised release for approximately 7-months following completion of his 108-month sentence. As this Court is aware, both from the PSR and

USA SENTENCING MEMORANDUM
4:25-CR-00220-JSW; 4:17-CR-00578-JSW

the prior sentencing of Conerly in 2018, Conerly has a lengthy criminal history in the city of Berkeley, including many arrests and convictions which involve the possession of firearms and drug trafficking. As noted by the Probation Office, the circumstances of Conerly's most recent arrest and disturbingly similar to the instant case.   Dkt. 180.

## IV.     SENTENCING GUIDELINES CALCULATION

The government agrees with the PSR's calculation of the Defendant's sentencing guidelines.  His base offense level is 20 pursuant to USSG §2K2.1(a)(4)(A) and he receives an additional 2 points because the offense involved a stolen firearm, pursuant to USSG §2K2.1(b)(4)(A).  The government agrees that he should receive a 3 point reduction for acceptance of responsibility pursuant to USSG §3E1.1, for a total offense level of 19.  With a CHC of III, his guidelines range on the charged case is 37-46 months.

Additionally, according to the Form 12 in case 4:17-cr-00578-JSW, Conerly's sentencing guidelines for his supervised release violation is 12-18 months, with a maximum custodial term of 24 month, which the government agrees is correct. Dkt.  180.

## V.     APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C.  § 3553(a)(2).  *United States v.  Carty*, 520 F.3d 984, 991 (9th Cir.  2008).  The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines.  *Id.*  After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a).  *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C.  § 3553(a), in arriving at the appropriate sentence for the Defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need for the sentence to protect the public from future crimes of the defendant;

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6) the need to provide restitution to any victims of the offense.

## VI.    RECOMMENDED SENTENCE AND SECTION 2552(a) FACTORS

The government joins the Probation Office's recommendation that Conerly be sentenced to the high-end of the guidelines (46 months), followed by a consecutive maximum term of custodial imprisonment on the Form 12 (24 months), for a total custodial term of 70-months.  This sentence takes into account the nature and circumstances of the defendant, the need for the sentence to reflect the seriousness of the offense and to provide deterrence and protect the public.

Conerly has a very lengthy criminal history, which is understated by his criminal history category of III.  A number of his arrests were handled as parole or probation violations, rather than new convictions, which understates his criminal history.  Additionally, because he has served such a significant amount of time in custody, a number of his felony convictions "aged-out" of his CHC calculation.  PSR ¶¶ 27-30.  Regardless of his CHC calculation, it is clear from the PSR that Conerly has a demonstrated pattern of committing reckless offenses, often involving the possession of firearms, usually in Berkeley.  That pattern was repeated on February 5, 2025, when he was arrested for the charged case.  A high-end guidelines sentence is necessary given the history and characteristics of Conerly, and to provide adequate deterrence and respect for the law.

Additionally, as described above and in the PSR, the nature and circumstances of the offense warrant a high-end guidelines sentence.  Conerly's conduct in this case is troubling similar to the conduct that led to his conviction in 2018.  PSR ¶ 32, Dkt. 180.  There, like here, Conerly's conduct appeared to be partly fueled by alcohol.  His reckless behavior has not improved, and as noted in the PSR, Conerly has not taken the appropriate steps to address his issues to prevent recidivism.  His conduct in the instant case could have easily led to serious injury or death – either his own or an innocent member of the community.  A high-end sentence of 46-months on the charged case is necessary when considering the nature and circumstances of the offense.

Finally, the Government agrees with the Probation Office that a maximum consecutive sentence

USA SENTENCING MEMORANDUM
4:25-CR-00220-JSW; 4:17-CR-00578-JSW

on the Form 12 is appropriate and necessary in this case. While all three charges in the Form 12 flow from the same arrest that led to the charged conduct, his violation of his supervision represents a serious beach of the Court's trust. Any argument that a maximum consecutive sentence for the Form 12 is redundant to the sentence imposed on the charged case should be rejected. Conerly committed the charged offense while he was under the supervision of this Court. He violated numerous conditions of his release. He did so, knowing that this Court had previously sentenced him to a significant period of incarceration. Even still, he chose to commit new law violations, consume alcohol, and possess a firearm, all in violation of the Court's orders. Those represent separate breaches of the Court's trust and should be addressed accordingly. For this reason, the Government joins probation's recommendation that he receive the statutory maximum sentence on the Form 12, to run consecutive to a 46-month sentence on the charged case. Dkt. 180.

A total sentence of 70-months for this defendant, for this conduct, while on supervision, is just, fair and accomplishes the sentencing goals of section 2552(a).

## VII.    CONCLUSION

For the foregoing reasons, the United States joins the recommendation of the United States Probation Office and recommends the Court impose a custodial sentence of 46-months on Count 1, ta 24-month sentence on the Form 12 to run consecutively, for a total custodial sentence of 70-months. The Court should also impose a 3-year term of supervised release.

DATED: February 3, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/ Emily R. Dahlke
EMILY R. DAHLKE
Assistant United States Attorney

USA SENTENCING MEMORANDUM
4:25-CR-00220-JSW; 4:17-CR-00578-JSW