CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

EMILY R. DAHLKE (CABN 322196)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Emily.Dahlke@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>   v.<br><br>DAVID CLAYTON CONERLY,<br><br>    Defendant. | Case No. 4:25-CR-00220-JSW; 4:17-CR-00578-JSW<br><br>**UNITED STATES' SUPPLEMENTAL SENTENCING MEMORANDUM**<br><br>Hearing Date: March 31, 2026<br>Hearing Time: 1:00 p.m.<br><br>Hon. Jeffrey S. White |

I.      INTRODUCTION

David Clayton Conerly ("Conerly" or "Defendant") was scheduled for sentencing on February 10, 2026, on the indicted case and related Form 12. On January 27, 2026, the United States Probation Officer submitted a pre-sentence report. (Dkt. 34) On February 3, 2026, the government and Defendant each filed sentencing memoranda. (Dkts. 36, 37) Defendant's sentencing memorandum included mitigation information that was not previously provided to the government or probation. *Id.* On February 10, 2026, the Court continued the sentencing hearing, in order to give the government and probation time to consider and respond this information. (Dkt. 43) Specifically, the Court asked probation and the government to review and consider the mitigation information referenced in Defendant's sentencing memorandum and inform the Court if the defense mitigation changed the

USA SUPPLEMENTAL SENT. MEMO
4:25-CR-00220-JSW; 4:17-CR-00578-JSW

parties' view of the appropriate sentence.

## II.    PROBATION'S REVISED PSR

On March 10, 2026, probation filed a revised PSR and memorandum.  (Dkt. 44)  The probation officer reviewed the Defendant's mitigation information and concluded that the PSR's original sentencing recommendation remains appropriate.  *Id.*

## III.    THE GOVERNMENT'S SENTENCING RECOMMENDATION

The government has reviewed the mitigation report provided by Defendant, the revised PSR and accompanying memo, and Defendant's sentencing memorandum. The government continues to agree with probation that the appropriate sentence in this case is a high-end guidelines sentence of 46 months on the indicted case, to be served consecutively to a 24-month sentence on the Form 12, for a total custodial sentence of 70-months.

Defendant's new mitigation material does not change the §3553 analysis that supported the government's previous sentencing recommendation.  First, the fact that Defendant faced hardships in his life was not, in general, new information.  As noted in probation's memo to the revised PSR, the Court had previously considered these same hardships noted in the mitigation report when it imposed a 108-month sentence in Defendant's previous offense. Defendant's conduct is significantly now more aggravated, because he is before the Court after having committed an offense within one year of being on supervised release, after serving a lengthy custodial sentence for the same violation.  This, combined with a criminal history spanning decades, shows that Defendant poses a significant risk of recidivism. Significantly, the probation officer who was supervising Defendant at the time he committed the instant offense, also agrees with the government and the PSR's sentencing recommendation.  (#17-cr-00578-JSW, Dkt. 180)  While the government sympathizes with the hardships Defendant has experienced, this instant conduct, coupled with his criminal history and personal background, all demonstrate the need for a meaningful custodial sentence.  And to the extent that any leniency is justified by Defendant's history, it is adequately accounted for by the government's recommendation of a sentence that is significantly below Defendant's previous sentence, imposed when the Defendant was not under the Court's supervision.  Considering all the information, a total custodial sentence of 70-months remains appropriate.

**IV.    CONCLUSION**

For the foregoing reasons, the United States joins the continued recommendation of the United States Probation Office and recommends the Court impose a custodial sentence of 46-months on Count 1 and a 24-month sentence on the Form 12 to run consecutively, for a total custodial sentence of 70-months.  The Court should also impose a 3-year term of supervised release.

DATED: March 16, 2026                                          Respectfully submitted,

CRAIG H.  MISSAKIAN
United States Attorney


/s/ Emily R.  Dahlke
EMILY R.  DAHLKE
Assistant United States Attorney

USA SUPPLEMENTAL SENT. MEMO
4:25-CR-00220-JSW; 4:17-CR-00578-JSW